PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 12/2023)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE ___Southern___ DISTRICT OF TEXAS
### ___Houston___ DIVISION

ANTONIO M. LACY #594575

_____
Plaintiff's Name and ID Number

PACK UNIT

_____
Place of Confinement

United States Courts
Southern District of Texas
**FILED**

**SEP 2 0 2024**

Nathan Ochsner, Clerk of Court

CASE NO._____
(Clerk will assign the number)

v.

BRAIN COLLIER, Executive Director, PO Box 99, Huntsville, TX 77342-0099

_____
Defendant's Name and Address

JENNA PEGODA, Director of Access to Court, PO Box 99, Huntsville, Tx 77342-0099
_____
Defendant's Name and Address

AMY OLIVER, LAW Library Supervisor, Pack Unit, 2400 Wallace Pack Rd. Navasota Tx
ALICIA FOLEY, law Library Supervisor, Estelle Unit, 264 FM 3478, Huntsville,
Defendant's Name and Address   TX. 77320-3320
( DO NOT USE "ET AL.")

_____

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $55.00 for a total fee of **$405.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $55.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? _X_ YES ___ NO

    B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.  Approximate date of filing lawsuit: March 14, 2024

        2.  Parties to previous lawsuit:

            Plaintiff(s) Antonio Maurice Lacy

            Defendant(s) Dana Sullivan, et al.,

        3.  Court: (If federal, name the district; if state, name the county.) Southern District of Texas Houston, Texas.

        4.  Cause number: 4:24-cv-00896

        5.  Name of judge to whom case was assigned: Charles Eskridge

        6.  Disposition: (Was the case dismissed, appealed, still pending?) Pending

        7.  Approximate date of disposition: None

II.  PLACE OF PRESENT CONFINEMENT: Pack Unit

III.  EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?          x YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.  PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Antonio M. lacy #594575, Pack Unit, 2400 Wallace Pack Rd., Navasota, Texas 77868.

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Brain Collier, Executive Director, PO Box 99, Huntsville, Tex. 77342.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Defendant Collier is the Executive Director of TDCJ.

Defendant #2: Jenna Pegoda, Director of Access to the Court, PO Box 99, Huntsville, Tx 77342.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Responsible for having the law books move from the law libraries.

Defendant #3: Amy Oliver, law library supervisor, Pack Unit, 2400 Wallace Pack Rd., Navasota, TX 77868.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Oliver assist in moving the law books from the law library.

Defendant #4: Alicia Foley, law library supervisor, Estelle Unit, 264 FM 3478, Huntsville, Tx 77340.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Foley help to hide the computer in the back room and the moving the law books from the law library.

Defendant #5:

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

3

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes</u>. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

SEE ATTACHMENT

VI.    RELIEF:

State briefly exactly what you want the court to do for you.    Make no legal arguments. Cite no cases or statutes.

SEE ATTACHMENT

VII.    GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

None

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

250253, 290819 & 594575

VIII.    SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?    ____YES _x_ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division):_____

2. Case number:_____

3. Approximate date sanctions were imposed:_____

4. Have the sanctions been lifted or otherwise satisfied?    ____YES ____NO

4

C. Has any court ever warned or notified you that sanctions could be imposed? _____YES____NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that issued warning (if federal, give the district and division):_____

    2. Case number:_____

    3. Approximate date warning was issued:_____

Executed on: **8- 2b-24**
       DATE

_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _____**2Lo**_____ day of ____**AUG.**____, 20**34**.
          (Day)               (month)        (year)

_____
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

5

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ANTONIO MAURICE LACY                §
sued on Behalf of Himself           §
and all similarly situated          §
                                    §
        Plaintiff,                  §
                                    §
    Vs.                             §
                                    §          CIVIL ACTION NO. _____
MR. BRAIN COLLIER, MS. JENNA        §
PEGODA, MS. ALICIA FOLEY AND        §
MS. AMY OLIVER                      §
sued in their Official Capac-       §
ities                               §
        Defendants.                 §

## TEXAS PRISONERS' LAW LIBRARY CIVIL RIGHT COMPLAINT

TO THE HONBORABLE JUDGE OF SAID COURT:

### INTRODUCTION

This is a civil action filed by Antonio Maurice Lacy, TDCJ
No. #594575, a state prisoner for Injunctive and declaratory relief
Under Title II, of the American With Disabilities Act, U.S.C. §§12131-
12134 (2000), and section 504, of the 1973, Rehabilitation Act, and
42 U.S.C. §1983, 1985 and 1986, TDCJ has planned secretly to re-
move all of the law books from their Law Library, and had moved
the LawsBooks on different TDCJ Units throughout the system with
the proposal or intention to substitute the Law Books with computers
for the prisoners to use in the Law Library. Discriminatorily, when
the computers were shipped to the Estelle Unit of the Texas Depart-
ment of Criminal Justice Institutional Division. The computers was
place in storage in a room in the back of the law library, to make
a difference in treatment on basis prohibited by law, and each of

-1-

the defendants cause and continue to cause imminent danger of
serious physical harm."[W]hen a threat or prison condition is real
and proximate and when the potential consequence is 'serious
physical injury'". Violates the 1st, 5th, 8th and 14th Amend-
ments of the United States Constitution and the ADA 422U.S.C. §12101.
Et seq. and section 504 of the Rehabilitation Act, 29 U.S.C.§794,
and 42 U.S.C. §1983, 1985 and 1986

<div align="center">JURISDICTION</div>

1.   This Honorable court has jurisdiction over the plaintiff's
claim in violation of the Federal Constitutional right under
42 U.S.C. §1331(1) & 1343.

<div align="center">PARTIES</div>

2.   The Plaintiff, Antonio Maurice Lacy, TDCJ No. #594575, is
incarcerated at the Pack Unit of the Texas Department of Criminal
Justice - Institutional Division, during the events described in
this complaint.

3.   Defendant, Brain Collier, is the Executive Director of the
Texas Department of Criminal Justice - Institutional Division.
He is charge of the Supervision, care, treatment and control
of all employees and prisoners of TDCJ. He is sued in his
Oficial capacities.

4.   Defendant, Jenna Pegoda, is the Director for Access to the
Court, for the Texas Department of Criminal Justice - Institutional
Division. She is responsible for the operation of all TDCJ Law
Libraries. She is sued in her Official Capacities.

5.   Defendant, Alicia Foley, is the Law Library Supervisor at
the Estelle Unit Of the Texas Department of Criminal Justice-

<div align="center">-2-</div>

Institutional Division. She is responsible for the operation of the law Library on the unit level. She is sued in her Official cap-acities.

6.   Defendant, Amy Oliver, is the Law Library Supervisor 3[1], at the Pack Unit of the Texas Department of Criminal Justice - Institutional Division. She is responsible for the operation of the law library on the unit level. She is sued in her Official capac-ities.

7.   All the defendants, and each of them, have acted, and continue to act, under color of State Law at all time relevant to this complaint.

### STATEMENT OF ISSUE PRESENTED FOR REVIEW

8.   This case was originally filed in the Third District of Texas, Court of Appeals by way of Application for the Writ of Mandamus.   That Court, refuse to hear the case and erroneously app-lied TEX. R. APP. P. 52.8(a). The record clearly demonstrate the Third District of Texas, Court of Appeals' Judges misinterpret or misconceive Rule 52.8(a), TEX. R. APP. P.

THE LAW REGARDING TEX. R. APP. P., Rule 52.8(a):

   (a) RELIEF DENIED. "If the court determine from the petition and any response and reply that the Relator is not entitled to the relief sought, the court must deny the Petition....."

---

1/ Ms. Kyla Rosario, is the Law Library Supervisor 2, She is not a defendant at this moment. But may be amended later.

Rule 52.8(a), clearly expression, if the court determines "from the petition "and" any response "and" reply that the Relator is not entitled to the relief sought the court must deny the petition." The word "AND" means: together with, along with, or as well as. The Third District of Texas, Court of Appeals has misinterpret it meaning, together with erroneous applied it to Relator's case, for the sake of, there was no response or reply to Relator's Petition. Rule 52.8(a), TEX. R. APP. P., bring forward or to the front....."If", the evine from the petition "AND" any response from the petition "AND" reply that the Relator is not entitled to the relief sought, the court must deny the petition....

9.    The word AND means: together with, along with or as well as. The Rule does not apocalypse "OR" no where in the rule 52.8(a) or either at one discretion, or whether or not.

10.  Spite of preceding events or consideration, to give a re-capitualation of the salient facts of TEX. R. APP. P., rule 52. 8(a). The rule clearly disclose that, "a petition "and" any response "and" reply that the relator is not entitled to the relief sought, the court      must deny the petition..." However, never to be erased from the minds, "there was no res-ponse or reply from the Respondents".

11.  The word "AND" means: "....used as a function word to indicate connection or addition esp., of item within the same class or type; use to join sentence element or the same grammatical rank or function word to join one finite verb to another so that

-4-

together they are logically equivalent to an infinitive of purpose.
AMERICAN HERITAGE DICRETIONARY.

12.  The Third District of Texas, Court of Appeals, is a example
of the "good 'O boy system", even when the true is right before
them, and how the TEXAS SUPREME COURT blink their eyes, playing
possums to the existences of the difference between justice and
doing what's just. Justice is a legal term. It ivolves the adm-
inistration maintenance of the legal system, the manner in which
it is institutionally organized, the way it presents itself to
the outside world. Justice lives according to its own set of in-
ternal rules. It is governed by its own proprietary rituals and
formalities. It exists within a vast labyrinthine maze of bur-
eaucratic and technical procedures, fed.by an inexhaustible
supply of lifeless statutes and precedent-affirming cases,
choked by all those court records, docket numbers, and written
forms. SEE, OFFICIAL NOTICE(S) FROM SUPREME COURT OF TEXAS, attach.

13.  Why Our Legal System fails to do what's right. TDCJ is
flexing their muscles impact a false character to form a strategy
for strategize a plan to act with reckless indifference to Plain-
tiff and all similarly situated, 1st,s5th, 8th and 14th Amend-
ments right of access to the Courts, counsel and Public Off-
icials.

14.  Plaintiff and all similarly situated, may as well lose,
for the reason of, the prison's regulations such as the regul-
ationsat the Estelle/Pack Units Law Libraries made legal re-

-5-

search essential impossible for Plaintiff and all other law
library attendants occurring or existing with the law library,
by or in virtue of, there is no law books or computers or any
other means for plaintiff and all other attendants to re-
search their criminal or civil cases.

15.  TDCJ Officials cannot make <u>promises</u> to its prisoners, and
than, decided to <u>deprive</u> their prisoners of that <u>promises</u>, playing
possum to the existence of their obligations, for the reason
of, prisoners often "totally or functional illiterate" or unable
to articulate their complaint to the court. See, Breach of Con-
tract, BLACK LAW DICTIONARY, (11th Ed.).

---

2/   "It is a rule, generally accepted, that when a promisor fails in any
respect to carry out an existing duty calling for a present immediate per-
formance under a contract, he is guilty of a Breach Contract which furnish-
es a basis for a cause of action of some sort. This is so, whether the present
duty of performance which has been violated comprises the whole duty or only
an infinitesimat part of what will ultimately be due, and whether or not
any loss has been caused by such failure to perform as has occurred. As
to those matters there is no cause for doubt. The questions of difficulty
in this connection grow out of three related matters. These questions are
(1) whether of action ever exist when, as yet, there has been no failure
to carry out an immediate duty of present performance; (2) what kind of
relief is available when a cause of action admittedly exists; and (3) whether,
when the contract is one in which the performance called for by its terms
is not to berendered all at once, a partial though substantial breach is,,
for purpose of remedy to be trusted as the equivalent of a breach offthe
whole contract, thus giving promisee, if he elects to sue for damages for
breach of contract, the right to recover, in one action, prospectiveeas
wwell as actual losses; or whether each new failure to perform, as the later
performance come due, is to be treated as the basic of a new and distinct
cause of action. See, BLACK LAW DICTIONARY, Breach of Contract.

-6-

16. Plaintiff and all other prisoners have a constitutional right to "adequate, effective and meaningful" access to the Court, and the State have "affirmative obligations" to assure all of the prisoners in the Texas Department of Criminal Justice Institutional Division have such access.

## CLASS ACTION ALLEGATION

17. Pursuant to Federal Rules of Civil Procedure, 23(a)&(b)(2), Plaintiff bring this action on behalf of himself and all other TDCJ Prisoners, and all similarly situated persons.

18. Plaintiff propose to represent a class composed of all prisoners who currently are or who in the future will be, incarcerated at the Texas Department of Criminal Justice Institutional Division, and who are subjected to TDCJ's policy and practice of discriminating against the prisoners in TDCJ. Plaintiff is typical of class members.

19. Plaintiff also seek to represent the following - sub-class of prisoners who who 1) are currently incarcerated in the TDCJ-CID, (or will be in the future), 2) are subject to TDCJ-CID policy and practice of failing to accommodate Law Books.

20. Is TDCJ-CID immune from claims for injunctive and declaratory relief brought under the ADA and Rehabilitation Act.

-7-

STATEMENT OF FACTS

Estelle Unit

21.  The Estelle Unit is equipped to house prisoners with extensive needs. The main Building is a single-level Building in which the dining Halls, law library, medical and education departments, and showers are on the ground floor. The Estelle Unit is a chronic care facility which means it has health care available to prisoners 24 hours per day, seven days per week. The Estelle Unit house male oncology patients, prisoners receiving chemotherapy or radiation therapy at hospital Galveston, and prisoners who have received solid organ transplants.

22.  Additionally, the Estelle Unit has a Regional Facility ("RMF") with four housing areas, including a designated geriatric unit, that offers access to multiple services and accomodations, including physical and occupational therapy and dialysis.

23.  The Estelle Unit houses prisoners who require the use of a CPAP Machine, and the Estelle unit affords prisoners daily access to hospital Galveston.

Pack Unit

24.  The Pack Unit is one of the few TDCJ Facilities that has different type of medical canes, walkers, wheelchairs and wheelchair-accessible housing.

-8-

25.  The Pack Unit is a medical facility, and house many geriatric prisoners, prisoners with disabilities, and prisoners with Chronic medical problems.

26.  Like most prisoners, the population of the Pack unit is fluid, as new prisoners arrive their sentences are released like-wise, prisoners are frequently transferred between TDCJ prisons.

27.  Despite the frequent transfer of prisoners in to and out of the Pack unit, the populations general characteristics (such as average age, percentage with disabilities.

## INADEQUATE LAW LIBRARIES

28.  Inthetneighborhood or vicinity of, February 2022, Plaintiff was transfer to the Estelle Unit, of the Texas Department of Criminal Justice, for the reason of, having cancer on his "vocal cord", that will end-up killing plaintiff, if he, wait to long for surgery.

29.  In the course of waiting for surgery at the Estelle Unit, plaintiff talk to law Library Supervisor Ms. Alicia Foley, on April 20, 2022, about the law library not having "law books in the lawwlibrary."

30). Defendant ALicia Foley, told  plaintiff, a former TDCJ Access to the Court, Director, by the name of, Ms. R. Pool instructed Ms. Jeane J. Taylor, to remove all the law books out of the

-9-

Law Library at the Estelle Unit with the proposal or intention of replacing the law books with computers.

31. A large shippment of computers was sent to the Estelle Unit, just to be placed in storage in a back room in the law library with the exception of one computer being left in the law library for the law library clerks to have access too.

32. At this time, plaintiff became very, very sick with cancer and had to be immediately sent to Galveston Hospital in Galveston, Texas for over two years.

33. Plaintiff had to have surgery to have his vocal cord removed due to cancer or plaintiff was going to die.

34. After having a Laryngectomy surgery. Plaintiff is a mute and only can communicate through a electronic artifical larynges or writing materials.

35. After two years of hospitalization. Plaintiff was medically reassign to the Pack Unit under "Sheltered Housing Unit" because of his medical condition and extended medical treatment.

36. In the earliest part of June 2023, Plaintiff talk to defendant, Ms. Amy Oliver, the law library Supervisor (by way of writing to her and she speaking back to plaintiff). Defendant Amy Oliver, quoted: "....Due to the tablets TDCJ pass out. The tablets is just as good as the law library books,...Unquoted.

37. Defendants, Amy Oliver & Alicia Foley, both law library supervisors statements contradict one another and in

direct violating of the Texas Department of Criminal Justice,
PD-22, ('General Rules of Conduct and Discriminary Action Guide-
lines for Employees'").

38.  As to the claim made in paragraph (37). Defendants Foley &
Oliver, falsified of State of Texas record, in violation of State
Law as TDCJ Employees shall maintain and submit truthful, accurate,
and complete records as required by the TDCJ. Falsification of
records includes altering documents to reflect false information
or the omission of material information. By signing or submitting
a document, these defendants' attest to the truthfulness accuracy
and completeness of the information presented in the document.

39.  The systematic plan of removing the law books throughout the
system from the TDCJ Law Libraries, violates plaintiff and all
other prisoners 1st, 5th, 8th and 14th Amendments of the United
States Constitution.

40.  As to the claim made in paragraph (39).  Plaintiff is a mute
and he suffers from "neuropathy" in both feets, legs, and right
fingers due to his diabetes, has to use a cane,and walker. Like
other disability prisoners, Title II, of the Americans with Dis-
abilities Act of 1990 (ADA) 42 USCS §§12131 et seq) - which in
42 USCS §12132, prohibited any qualified individual with a dis-
ability from, by reason of such disability, being excluded from
participation in, or denied the benefits of the services, pro-
grams, or activities of a adequate law library or seek assistance

-11-

from a train person/s in criminal and civil law, or being subjected to discrimination by any such entity constituted a valid exercise of Congress authority, under §5 of the Federal Constitution's (14th) Amendment.

41.  The law Library inmate clerk/s are not a train person/s in law. They are only Administration snitches.

42.  The defendants has fabricated a "caselaw system" consist of different cases or copies of cases staled in a yellow-folder.

43.  Defendants Collier & Pegoda has scandal a blatant cover-up since the Securus Tablets came into place.

44.  The Securus Tablets offers access to different kinds of content (including movies, videos, TV shows, music, games, e-Books, and religious and education materials.

45.  The use of the Securus Tablet is managed by the TDCJ.[3]

46.  When the wheather is raining bad, lightning out-side. The power (electricity) goes off on the hold Unit.

47.  As to the claim made in paragraph (46). The electricity are off for several hours at a time, and sometime days at a time before the defendants able to get the electricity back on.

48.  All TV's, Radios, Wi-Fi to the Securus Tablets are out and not working until the electricity is turn back on.

---

3/ Securus Tablet Fact & Information.

49.  The right of access to the court is a very important right, "since it theoretically protect all your 'other rights'".

50.  This right extend to all categories of TDCJ prisoners including prisoners with a disability is "qualified to participate or receiving the benefit of" the particular law library services, activity and program of the TDCJ system that discriminated against the incarcerated prisoners, and it is supposed to be "adequate,[4] effective,[5] and meaningful.[6]

51.  When a threat or prison condition real and proximate, and when the potential consequence is 'serious physical injury".

52.  When the defendants, and each of them, remove the law books from the law libraries with a promise to the prisoners computers were going to be place in placed of the law books, and fails to do so, leaving the prisoners with nothing in the law libraries to research their cases created a condition real and proximate, and potential consequence is serious physical injury.

---

4/   ADEQUATE means:  Lawfully and reasonable sufficient.

5/   EFFECTIVE means: 1) Producing a desired effect,  2) capable of bringing about an effect,  3) being in effect, and  4) equal to the rate of simple interest that yield the same amount when the rate is paid once at the end of the interest period as a quoted rate of interest does when calculated at compound interest over the same period.

6/   MEANINGFUL means: Significant.

-13-

53.   When the Securus Tablets was generate, bring or call into being at the time the defendants, and each of them, purposely and designedly stop the computer from being put in the law libraries as the defendants, and each of them trumped-up lies the Securus Tablets is just as good as having law books.

54.   The defendants, and each of them, fails to assist plaintiff and all other  prisoners in the Texas Department of Criminal Justice in bringing legal actions by providing law books in the law libraries or legal assistance as required by the decision in Bound v. Smith.[7]

55.   The defendants, and each of them, are interferring with Plaintiff and all other prisoners in the Texas Department of Criminal Justice; attempts to bring or pursue legal actions.

56.   The defendants, and each of them, are retaliating against plaintiff and all other prisoners in the Texas Department of Criminal Justice, who brought or tried to bring legal action by memoving the law books from the Law Labraries.

57.   The defendants, and each of them, are discriminating against plaintiff and all other prisoners in the Texas Department of Criminal justice, who brought or tried to bring legal action by removing the law books from the Law Libraries.

---

7/  See, Bound v. Smith, 430 US at 828

-14-

58.  The defendants, and each of them, are discriminating against Plaintiff an indivdual with a disability and plaintiff is qualified to participate in program of the law library and to receive the benefit of thevparticular program that discriminated against Plaintiff and all other disability prisoners in the Texas Department of Criminal Justice.

59.  The TDCJ Rule governing prisoner Access to Court, Counsel and Public Officials were developed for the purpose of assisting prisoners in gaining access to the courts. These Rules are intended to guide staff and prisoners in matter related to0ppisoners' legal work.

60.  Every prisoner/s has the right of access to state and federal courts andrto legal counsel and public officials and agencies.

61.  Every Foreign National prisoner has the right to communicate with an official form the consulate of the prisoner's Country.

62.  Plaintiff and all other prisoners may present any issue, including challenges to the legality of their confinement, redress for improper conditions of confinement, remedies for civil law problems claims against correctional officials and other government authoritiesaand any other right  protected by constitutional or statutory provisions, or by common law.

63.  As to the claims in paragraphs, (59, 60, 61 & 62). Plaintiff and all other prisoners may confer about legal matters subject to regulation of time, place and manner necessary to maintain

the security and order of the institution.

64.  TDCJ Officials, Officers, Employees or agents of TDCJ <u>shall</u>
<u>not</u> interfere with harass, punish ot otherwise penalize any
prisoner/s as a result of participation in litigation, eithert
as a party or a witness, or for filing ot threatening to file
a lawsuit, grievance, appeal or other complaint about prison
conditions or official misconduct, or for discussing with other
or writing in accordance with TDCJ rules and regulations to
other about actual or potential legal action or other forms
of grievance and complaint.

65.  The Law Libraries in Texas Prisons are <u>deficient</u> and causing
"actual injury" to Plaintiff and all other prisoners in the Texas
Department of Criminal Justice.

66.  If, it so happens return out, Plaintiff prepared a complaint,
it would be dismissed for failure to satify some technical re-
quirement which, for the reason of, deficiencies in the prison's
legal assistance facilities, plaintiff could not have known or
that he had suffered arguable actionable harm that he wanted
to bring refore the courts, but plaintiff is so <u>stymied</u> by in-
adequacies of the law library that he is unable to file a complaint.

67.  The actual injury obstracle is, however, not the only obstacle
in Plaintiff's way. Plaintiff realize the lacking of the law
library supervisors' knowledge in law, and when plaintiff ask
a question about the law to one of the law library supervisors

-16-

plaintiff and all orther prisoners are told, "....Access to the court, don't give out that information to prisoner/s.

68.  The Law Libraries in TDCJ is not in compliance with the "Access to the Court 'Law Library "holding list'"".

69.  The TDCJ Law Library "HoLding List" is governs by "volumes of Law Books", not by "copies of different cases".stapled in a folder.

70.  The defendants, and each of them, remove the law books with a promise to the prisoners that computers would be installed in the law libraries for the prisoners, but the defendants, and each of them, fails to do so, leaving the law libraries _empty_ for plaintiff to do research.

71.  The defendants, and each of them, had fabricated a scheme to hide their evil motive of interferring with the plaintiff and all other prisoners access to the court.

72.The defendants, and each of them, acted with reckless in-difference to plaintiff's 1st, 5th, 8th & 14th Amendments to the United States Constitution.

73.  Plaintiff and all other prisoners, and similarly situateds may well lose, for the reason of, the prisons' regulation, such as the regulations at the Estelle/Pack Units, including all other unname units' law libraries made legal research essential im-

-17-

possible for the plaintiff and all other prisoner/s, by or in-
virtue of, is no law books, computers or any other means for
the law librarties attendants to do their research.

### TDCJ LAW LIBRARY "HOLDING LIST" CLAIMS
### TO HAVE IN THE LAW LIBRARTIES THE FOLLOWING LAW BOOKS

1. Federal Repoter 2d. Volume 422-999
2. Federal Reporter 3d. Volume 1-960
3. Federal Supplement, Volume 313-999
4. Federal Supplement 2d. Volume 1-999
5. Federal Supplement 3d. Volume 1-435
6. Supreme Court Reporter, Volume 91-140
7. Southwestern Reporter 2d. Volume 449-999
8. Southwestern Reporter 3d. Volume 1-660

### CONSTITUTION - TABLE OF CONTENT

- Title 8 table of contents
- Title 18 See, Federal Criminal Code & Rules
- Title 21 table of contents
- Title 28 See Federal Civil Judicial Procedures & Rules
- Title 42 Complete table of contents
- title 42 table of contents, chapter 1-6A
- Title 42 table of contents, chapter 7-23
- Title 42 table of contents, chapter 69-100
- Title 42 table of contents, chapter 101-135
- Title 42 table of contents, chapter 136-159

### VERNON'S TEXAS STATUTES AND CODES ANNOTATED

Civil Practice and Remedies code-table of contents
Code of Criminal Procedures Code - table of contents
Constitution Code - table of contents
Family Code - table of contents
Governmrnt Code - table of contents
Health & Safety Code - table of contents
Penal Code - table of contents
1. Penal Code §§ 1.01 to 8 {2011) w/pp
2. Penal Code §§ 9.01 to 19.02 (2011) w/pp
3. Penal Code §§ 19.03 to 22.03 (2011) w/pp
4. Penal Code §§ 22.04 to 31.03 (2011) w/pp
5. Penal Code §§ 31.04 to 45 End (2011) w/pp
6. Penal Code §§ 46.01 to End (2011) w/pp

### VTCA GOVERNMENT CODE § 498.003- INMATE CLASSIFICATION
### GODD TIME

-18-

a)    65th Legislation, Chapter 347
b)    68th Legislation, Chapter 375
c)    69th Legislation, Chapter 835 § 1
d)    70th Legislation, Chapter 384 § 1
e)    70th Legislation, Chapter 1049 § 2
f)    71th Legislation, Chapter 785
g)    72nd Legislation, Chapter 16 § 10.01, Section 498 & 499


TEXAS ,ADMINISTRATIVE CODE (Lexis Thin Client and Inmate Tablet)

SHEPARD'S CITATION: Texas, Federal & U.S. (Lexis Nexis Thin Client
and Inmate Tablet)

<div align="center">PAMPHLETS</div>

a)    Federal Civil Judicial Procedures &  Rules (2023)
b)    Federal Criminal Code & Rules (2023)
c)    Texas Rules of Court State (2023)
d)    Texas Rules of Court Federal (2023)
e)    Texas Criminal Procedures Code & Rules (2022)

<div align="center">COURT RULES - UPDATES</div>

a)    USDC: Filing Fee increase for federal Civil Cases & Appeals
b)    5th Circuit: Rules and internal Operating Procedures -April 2023
c)    5th Circuit: clerk's office Most Frequently Asked Question - 9/2023
d)    5th Circuit: November 28, 2023, Rule Changes
e)    U.S. Supreme Court Reevision to Rule - January 2023
f)    U.S. Supreme: Amendment to the Federal Rule of Appellate
      Procedure (12/01/22)
g)    U.S. Supreme Court: Amendment to the Federal Rules of Bankrup-
      ptcy Procedure (12/01/22)
h)    U.S. Supreme Court: Amendment to the Federal Rules of Civil
      Procedure (12/01/22)
i)    U.S. Supreme Court: Amendment to the Federal of Criminal
      Procedure (12/01/22)
j)    U.S. Supreme Court: Amendment to the Federal Rule of Evidence
      (12/01/22)
k)    Tex. Court of Appeals: Important Notice Regarding DNA Mix-
      tures English & Spanish (11/19/15)
l)    Tex. Court of Appeals: Recalculate DNA Mixture Issue form
      English & Spanish (11/19/15).


STATE COUNSEL FOR OFFENDERS LEGAL HANDBOOK, 13th Revised Edition
(March 2021)

<div align="center">LEGAL RESEARCH IN A NUTSHALL, 14th Edition</div>


<div align="center">-19-</div>

a)  AN INTRODUCTION TO TEXAS POST - CONVICTION HABEAS CORPUS, 2020
b)  POST CONVICTION REMEDIES (Pursuant to ART. 11,07 V.A.C.C.)
    March 2009


a)  black'S LAW DICTIONARY
b)  UNITED STATES CONSTITUTION

TEXAS LEGAL DIRECTORIES Volumes I, II & III

TEXAS CRIMINAL AND TRAFFIC LAW MANUAL 2021-2022 Edition


TDCJ DISCIPLINARY RULES AND PROCEDURES for inmates


TDCJ Inmate ORIENTATION HANDBOOK

TDCJ inmate RULES AND REGULATION FOR VISITATION


CLASSIFICATION

1)TDCJ Classification Plan
2)  State Jail Diligent Paricipation HB 2649
3)  State Jail Diligent Participation Credit HB
4)  Protective Safekeeping Plan

TDCJ USE OF FORCE PLAN

CORE CASE LAW

a)  Lewis v, Casey, 116 S CT 2174
b)  Woifff v. McDonell, 94 S. CT. 2963
c)  Bound v. Smith, 109 S. CT. 176
d)  Sandin v. Conner, 115 S. CT. 2293
e)  Lamar v. Coffield, 951 F. S. 629
f)  Ruiz v. Scott, 273 F. 3d 1101
g)  Ruiz v. United States, 243 F. 3d 941
h)  Ruiz v. Johnson, 154 FS 2d 975
i)  Ruiz v. Estelle, 161 F. 3d 814
j)  Gross v. Quarterman, 2007, U.S. Dist. Lexis 92212


-20-

Heat Litigation

147 Baily Memorandum and Order
473 Baily Amended Class Certification Order
477 Baily Order Granting Preliminary Injunction
620 Cole Plaintiff Second Motion for Injunctive Relief
629 Cole plaintiff's 3rd Amended Complaint
737 Cole Memorandum Order for 2nd Preliminary injunctive Hearing
769 Cole Defendant's Response to Opinion
771 Cole Order
783 Cole Order Granting Motion for Continuance
799 Cole Order
820 Cole Order Denying Motion to Modify Preliminary injunction
854 Cole Order Granting Extension of Preliminary injunction
    Class Action Notice and Opt Out Form
    information Regarding the Cole v. Collier Class action
    Plaintiffs Unopposed Motion for Approval of Class
    Settlement
    Proposed Settlement Agreement Release


Matthew Roppolo v. Dr. Lannette Linthicum
    Amended Private Compromise and Settlement Agreement
    Class Action Settlement Notice

a)    RESTRICTIVE HOUSLING PLAN
b)    DEATH ROW PLAN
c)    G5 Plan - February 2020


a)    DIRECTORY OF FOREIGN CONSULAR CORPS
b)    CONSULAR NOTIFICATION AND ACCESS


LAW LIBRARIES SERVING PRISONERS

INMATE COPY  SERVICE

a).   TEXAS COURT OF APPEALS
b)    COURT STRUCTURE OF TEXAS


U.S.D. VENUE LIST


a)    OPERATIONS MANUAL FOR MAILROOMS
B)    DRC LIST OF DISAPPROVED PUBLICATIONS

MANUAL ON RECURRING PROBLEM IN CRIMINAL TRIALS


-21-

SECTION 1983 litigation

a)   FEDERAL BENEFITS for VETERANS, DEPENDENTS & SURVIVORS
b)   A GUIDE FOR VETERANS INCARCERATED IN TEXAS
c)   LIFE AFTER PRISON A VETERAN'S RESOURCE MANUAL

IMMIGRATION LAW

CAPITAL §2254 HABEASSCORPUS

TEXAS BOARD OF PARDONS AND PAROLE
B) Alternative housing Resource LIST

a)   A NEW START- A RE-ENTRY GUIDE FOR TEXAS KEY INFORMATION FOR
     SUCCESSFUL REINTEGATION
B)   TEXAS PRISONER RESOURCE DIRECTORY
c)   Rentry Resource Guide

LIST OF APPROVED TDCJ POLICIES

CORRECTIONAL MANAGED HEALTH CARE (CMHC)
a)   CMHC POLICY MANUAL (Table Of Contents)
b)   CMC FORMULARY
c)   CMHC THERAPEUTIC DIETARY POLICY & PROCEDURE MANUAL

ACLU CIVIL RIGHTS RESOURCE

FAMILY INITIATIVES
a)   Information about Child Support for New Patents
b)   Quick Child Support Facts for Re-entering patents
c)   Parenting Two-Gether Birth to 12 Months
d)   Maps for Dads
f)   Co-Parenting Guide for Our Children learning to work
     Together

STATE BAR OF TEXAS
a)    Attorney Complaint information Pamphlet
c)    Office of the Chief Disciplinary Counsel Grievance Form
e)    Notice to Clients (posting)
 g)   CAAP Client Attorney Assistance Program

CHAPLAINCY DEPARTMENT MANUAL Table Of Contents

INTRA-LAW LIBRARY LOAN PROGRAM HOLDING LIST

LAW LIBRARY HOLDING LIST

UNIT EMPLOYEE ROSTER

UNIT MEDICAL ROSTER

POSTAL RATE CHANGES

SUNSET ADVISORY COMMISSION STAFF REPORT

FLOWCHART BASIC LEGAL RESEARCH

PREA
a)    TAASA Service Directory
b)    SAFE PRISON/PREA PLAN
c)    NATIONAL PREA Standard
d)    PREA Final Rule

PUBLIC INFORMATION ACT MANUAL CHAPTER 3

LAW LIBRARY Inmate FORMS
I-27 Step 1, inmate grievance form
I-28 Step 2, inmate grievance form
I-60 inmate Request to Official
harris County post-Conviction Writs form
2254 form Petition for Writ of Habeas Corpus
ATCO1-records Release Authorization form
ATCo2-Payment Authorization form
ATCIFP-Application to Proceed Informa Pauperis form
ATC 11.07-Crt of Criminal Appeals app. for writ of habeas corpus
ATC 1983-Civil right Complaint form
ATCP01 inmate instruction for subsequent storage
ATCO2-Initial Storage Container Pictonal
ATCP03-Vertify E form
ATCP-4-Education Venfy form
CL 147 Time Credit Dispute Resolution
Transcript Order form
SCFO 06.01-State Counsel for inmates Jail time Questionair
SCFO 08.02-Request Pertaining to Military Records
SCFO 08.03-App. for the Rev. of Discharge/Dismissal from the
Armed Force of US
SCFO 08.04-Application for Correction of Military Record
SCFO TPIQ Texas Prisoner Innocence Questionair
VA 21-22 Appointment of Veterans Service Organization as Claim-
ant's Representative
VA 21-526 Infro & Instruct for Cmplting the Veteran's App for
compensation and/or persion
VA    21-0788 Information Regarding Appointment of Beneficiary's
Award
VA 21-4138 Statement in Support of claim

The list goes on and on

74.  The Law Library holding List of the law library postulate

the law  books proposal to be in the law libraries throughout the

system. (Exhibit A)

75.  The TDCJ Offender Orientation handbook at pages 121-123,

be an indication of, the law books propose to be in the Law

Libraries. (Exhibit B)

-224-

76. The United States Supreme Court in, Bound v. Smith, ,re-
veals that the fundamental Federal Constitutional right of access
to the court require prison authorities to assist plaintiff and
all other prisoners in the preparation nad filing of meaningful
legal papers by providing the plaintiff and all other prisoners
with "adequate law library or adequate assistance from person/s
trained in the law are those that the prisoners need in order
to directly or collatersàly attack their sentence and challenge
the confinement";

77. As to the claim in paragraph (76).The holding in, Bound,
supra, guarantees no particular methodoloy, but rather the con-
ferral of the capability of bring contemplated challenges to
sentence or conditions of confinement before the court; thus,
when any inmate-even an illiterate or non-english speaking offender-
show that an actionable claim of this nature which the offender
desired to bring has been lost or rejected, or that the
presentation of such a claim is currently being prevented, for
ththe cause that, the capacbility of filing suit has not been
provided, the inmate demonstrate that the system (DCJ) has
failed to furnish a adequate law library or adequate assistance
from person/s trained in the law; impairment of any other litig-
ating capacity is one of incidental, and constitutional, consequen-
ce of conviction and incarceration.

-25-

78. Plaintiff and all other Texas Prisoners suffering actually injury, and their lives are in 'imminent danger of serious physical harm'. When a threat or prison condition is real and proximate and when the potential consequence is 'serious physicl injury', as a result of Estelle Unit, theng and now, Pack Unit, (and those of other unname units), will suffers actually injury, for theereason of, TDCJ failure to provide law books to research his, her or theirccases, if it be so, criminal or civil for the plaintiff to avoid dismissal of his, her or their case/s.

79. Notwithstanding, when TDC Officials took out the law books from the law libraries "promising" plaintiff and all other Texas Prisoners <u>computers</u> were going to be placed in place of the law books, was a plotted, a plan secretly with each others to discriminate against the Texas Prisoners.

80. As to the claim in paragraph (79). The defendnats, and each of them, sent a shippment of computers to the Estelle Unit just to put in a "store-room" with the exception of one computer being left for the law library clerks to have access to is a little to farfetched or implausible.

81. The inmate law library clerks are just as incomprehensible or unfathomable as the law library supervisors.

-26-

82. At least, the law library supervisors will make a pretext of
the law, when actually the law library supervisors are just
as ambidexterity as the rest of the law library supervisors
throughout the system.

83. As to the claim in paragraph (82). However, 'while undoubtedly,
prisoners allegingha lack of judicial access must make a prima
facie showing, the ultimate burden of proving that the avenues
of research and/or legal or paralegal and are inadequate rest
with the state.

84. The defendants, and each of them, failure to provide competent
paralegals violated plaintiff right of access to the courts.

85. Paralegal was defined as an intelligent layperson "who can
write coherent english" and had "modicum" of exposure to legal
research and plaintiff's rights.

86. The defendants has formulation a "case-law system" which
only made copies of different cases and those cases are giving
to the prisoner/s as a subtitute of the law books.

87. The law library inadequacy had demonstrate annact of actual
injury.

88. As to the claim in paragraph (87). If, plaintiff prepare
a complaint it would be dismissed forrfailure to satisfy some

-27-

technical requirement which because of deficiencies in the prison's legal assistance facilities.

89. Plaintiff could not have known or that he had suffered arguable actionable harm that he wanted to bring before courts, but plaintiff is so stymied by inadequacies of the law library that he is unable to file a complaint.

90. The actually injury obstacle is, however, not the only obstacle in plaintiff's way.

91. Plaintiff and all other Texas Prisoners is in a state of not being fully capable of performing all function, whether mental or physical, for the reson of, their disabilities not being able to performing all functions of the law library as requires by law.

92. As to the claim in paragraph (91). Plaintiff and all other individual Texas Prisoners are now, individual with disabilities.

93. Plaintiff and all other Texas Prisoners qualified to participate in or receive the benefits of a adequate law library with law books in their services, activity and program.

94. Plaintiff and all other Texas Prisoners are excluded from participation or denied the benefits of a adequate law library's services, activities and program or were in some other way discriminated against.

-28-

95. This exclusion denial of benefits, or discrimination was because of plaintiff, and all other Texas Prisoners disabilities to attend a adequate law library services, activity or program.

96. TDCJ has made each and very Texas Prisoners "handicap", suffering from a physical or mental disability of access to the court, counsel and public officials.

97. Plaintiff and all other Texas Prisoners "otherwise qualified" for a adequate law library program, services or activity from which the plaintiff are excluded.

98. Plaintiff and all other Texas Prisoners are denied benefits of a adequate law library services, activity and program, subject the plaintiff and all other Texas Prisoners to discrimination solely because of their disabilities.

99. On information and Belief. TDCJ has been, and is, a recipient of federal fund, and thus covered by the mandate of the rehabilitation Act.

100. Plaintiff are told by the law library supervisors, that, all the TDCJ law library need to do is, replace it law library books with "minimal form for of legal advice" and a "system of Court provided forms.

101. The law Library is not in compliance with their own TDCJ law library "Holding List".

-29-

102. The Law library "holding list" is consist of, "Volume of law books", not by different copies of law cases.

103. The defendants, remove the law books with a promise to the Texas Prisoners, they was going to put computers in place of the law books. But fails to do so, leaving Plaintiff and other Texas Prisoners with nothing to research their cases is clearly,
104.
a real and proximate and when the potential consequence is serious physical, actual injuries.

104. Plaintiff and all other Texas Prisoners, including those prisoners in the future lives are in "imminent danger of serious physical harm".

105. The Federal Court have reach various  conclusion about what an adequate law library must contain.

106. TDCJ's Law Libraries is without cases reporters and federal statutes would be inadequate.

107. The Law Library on Estelle/Pack Units are so inadequate and fuss or fuss up as to amount to a complete and systemic denial of access to the courts, in violates of the constitution of the 1st, 5th, 8th & 14th Amendments.

108. Plaintiff and all other Texas Prisoners may not meaningful exercise his right to research, litigant or represent himself without access to law books or other tools to prepare a defense.

-30-

109. Plaintiff has a constitutional right to law books or other tools' to assist him in preparing a defense.

110. The defendants has implement a policy to prohibit the plaintiff and all other Texas Prisoners to have access to law books. The Plaintiff and all other Prisoners are actually injured by the defendants' alleged refusal to provide law books in their law libraries.

111. Plaintiff have a constitutional right of access to the courts, and the burden is upon the defendants to ensure that the right of access remain unfittered.

112. To be constitutionally, the right of access as distilled from an abstract concept to a working apparatus, must be "meaningful."

113. Meaningful access to the court is the court touchstone. The right of meaningful access entend to the preparation and filing of actions challenging the fact a prisoner's the legality of the condition of confinement.

114. The Estelle/Pack Units, including other unname units has no law books in the law libraries causing actually injury to plaintiff and all other Texas prisoners, and even if the law libraries did have law books.

115. The central question in evaluating whether a law library adequately provides meaningful access to the courts is whether the facility will enable the plaintiff and all other Texas

-31-

Prisoners to a district court. It is not enough simply to say the law books are there, when have the assistance necessary to use the law books properly.

116. All of the circumstance must be evaluated in determing the adequacy of a law library, and the Estelle/Pack units law Libraries do not have any assistance in its suffice to provide access to the court for all the prisoners.

117. Although either and adequate law library or assistance from person/s trained in the law may satisfy the fundamental constitutional right to access to the courts, the fundamental concerns is still whether the inmate having meaningful access to the courts.

118. However, law library books, even if adequate in numbers, cannot provide access for a prisoner/s who are mental ill, deaf-mute/s, deafs, mutes, or a Laryngectomee/s, and those prisoners who do not speak English and other disabilities.

119. Plaintiff and all other disable prisoner/s are being dis-criminate against and denied direct access to "legal assistance" because the law libraries has no one that is trained to assist disable prisoner/s who are Laryngectomees, blinds, deaf-mute, deaf or mute.

120. Federal laws protect plaintiff and other prisoners with disabilities from discrimination by correctional facilities. All such entities are covered by the American with Disability Act. 1990 (ADA).

-32-

121.    The law libraries at Estelle/Pack Units and all other simil-
arly situated, are consists mainly of "yellow-paper back-folders"
with law cases and other "years of out-dated legal materials."

122. The law books collections is "wholly inadequate" to meet
the minimum standards of the American Association of Law Libraries
Committrr on Law Library service to prisoners standard with the
Supreme Court Court found relevant is Bound at footnote 7.

123.    This Honorable court need to, or if, the court decide
to, order a inventory from a outside organization to, come in,
on Estelle/Pack units and all other similarly situated, discovered
the law libraries reveals volume of law books are missing
throughout its collection of federal court decision (i.e., U.S.
Reporters, Supreme Court Reporters, Federal Reporters 2d series,
and Federal Supplements, e.g., VII Supp. R. PI exh. no. 37 at
11, 22 VIII Supp. R. Def. exh. no. 1123 at 1-10.

124.    Consequently, this court must agree with plaintiff
that the law libraries in TDCJ is inadequate and does not meet
the need of the Texas Prisoners uses.

125.    The Estelle/Pack Units law libraries is so inadequate.
The law libraries don't even have any one train in law to give
assistnace to plaintiff and too all other Texas Prisoners, in-
cluding those prisoners with disabilities resulting frustrated
or impeded those disable prisoners from bringing a non-frivolous

-33-

claim about their criminal conviction or setance or about their conditions of confinement as presiously described.

126.    The defendants, and each of them, inclduing TDCJ as a hold, is prohibited from interfering with plaintiff efforts to use the courts, counsel and public officials.

127.    As one court put it: First, in order to assure that incarcerated person/s having meaningful access to courts, state requied to provide affirmative assistance in the preparation of legal papers in cases involving constitutiónal rights and other civil rights actions related to their incarceratión.... Second, in all other type civil actions, states may not erect barriers that impede the right of access of incarcerated persons. As with other constitutional violatings, such interference must be intentional to violate the constitutional.

128.    However, in this case, the interference results from TDCJ policies.

129.    The Supreme Court has said: "Regulatión or other aspects of the right of access to the court are invalid."

## EXHAUSTION OF LEGAL REMEDIES

130.    Plaintiff used the prisoner grievance procedures available at the Estelle Unit to try and solve the problem. Plaintiff filed the grievance on April 28, 2022, presented the fact relating to this complaint.

131.   On June 01, 2022, the Step 1 grievance was Denied.
Plaintiff then, filed his Step II, grievance on June 13, 2022,
appealing the Step I. grievance denial. The Step II, grievance
was denied on July 2022.

132.   Plaintiff use the prisoner grievance procedures
available at the Pack Unit, to try and solve the problem. Plaintiff
filed the grievance on June 30, -2023, peesented the fact relating
to this complaint. On July 11, 2023, the Step I grievance
was denied. Plaintiff then, filed his Step II, grievance on July
14, 2023, appealing the Step I grievance denial. The Step II
grievance was denied on August .15, 2023.

## LEGAL CLAIMS

133.   The action of the defendants, and each of them were done
maliciously and sadistically and causes actually injury to the
plaintiff and constituted discrimination, retaliating, inter-
fering, harassment toward the Texas Prisoners in violating of
the 1st, 5th, 8th and 14th Amendments to the United States
constitution.

134.   Pursuant to 42 U.S.C. §1983, 1985 & 1986, the defendants,
and each of them, in their official capacities, are discriminating
against plaintiff and all other Texas Prisoners by failing to
assist plaintiff and all other Texas Prisoners in bringing legal
actions by providing a law library with law books or legal assist-
ance as required by the decision in the Supreme Court.

-35-

135.    Plaintiff incorporate the previous paragraph it alleged herein, and further plead:

136.    The defendants, and each of them, are interferered with plaintiff and all other Texas Prisoners' attempts to bring or pursue legal actions by removing all of the law books out of their law libraries.

137.    The defendants and each of them, are retaliating against plaintiff and all other Texas Prisoners who brought or tried to bring legal actions.

138.    The defendants, and each of them, have an affirmative obligation to assist plaintiff and all other Texas Prisoners in the preparation and filing of meaningful legal papers by providing with "adequate law libraries" with law books or "assistance from person/s train in law.

139.    Plaintiff and all other Texas Prisoners was, or is, suffering actually injury by being "frustrated" or "impeded."

    i)   in bringing non-frivolous claim

    ii)  About his criminal conviction or sentence or the
        condition of his confinement

140.    The defendants causes imminent danger of serious physical harm. When a threat or prison condition is real and proximate and when the potential consequence is 'serious physical or actually injury'.

-36-

141.   In Light of the numerous state courts, state appeal courts, federal courts, federal circuit appeal courts and the United States Supreme Court warnings to TDCJ about the rights of Texas Prisoners access to the Courts,and that, TDCJ obligations of assistance those prisoners by providing a clear road to the courts

142.   The defendants' policies, practices, act and omissions violate the Freedom of Expression and to petition the Government for a redress of grievances, of the 1st & 5th Amendments, and cruel and unusual punishment clause of the 8th amendment; made applicable to the state through the 14th amendment to the United States Constitution.

143.   As a proximate result of defendants unconstitutional policies, practice, act and omissions, plaintiff and all other Texas Prisoners have suffered and will continue to suffer immediate and irreparable injury, including physical injury, risk of physical injury, actually injury and risk of death.

### THE AMERICANS WITH DISABILITIES ACT
### AND REHABILITATION ACT
### (against defendants TDCJ)

144.   For purpose of the ADA, ADA AMENDMENT ACT, and REHABILITATION ACT, Plaintiff and all other Texas Prisoners, and similarly situated, plaintiff are "qualified individual" regarded as having physiological or mental impairment that substantially limits one or more of their major life activities.

-37-

145.    TDCJ fails to stop removing the law books from the law
libraries causing actually injury to plaintiff and all other
Texas Prisoners.

146.    TDCJ has been, and is, a recipient of federal founds,
and thus covered by the mandate of the rehabilitation Act. The
rehabilitation Act require recipients of federal monies to
reasonably accommdate person with disabilities in their facil-
ities, program activities and service and reasonably modify
such facilities, services and program to acoomplish this purpose.

147.    Further, title II, of the ADA and the ADA AMENDMENT ACT
apply to TDCJ and has the same mandate as the Rehibilitation Act.
42 U.S.C. §12131 et seq.

148.    Title II of the ADA and ADA AMENDMENT ACT protect prisoners
with disabilities because exposure to inhumane condition also
actually violates the eighth and fourteenth Amendments of the
United States Constitution.

149.    The Estelle/Pack units and all other TDCJ units and their
operation comprises a programs and services for Rehabilitation
Act, ADA, and ADAAA purpose.

-38-

INJUNCTIVE AND DECLARATORY RELIEF

150.    Plaintiff seek injunctive and declaratory relief pursuant to 42 U.S.C. §1983, 1985 & 1986, the ADA, ADAAA, and Rehabilitation Act against the defendants for them to provide a ladequate law library by puting back all of the law books in their law libraries on all of TDCJ Units.

151.    Without a permanent injunctive relief, the defendants will continue their same perilous practices and conduct disregarding federal mandates, by removing law books from their law libraries throughout the TDCJ system.

152.    Issue an injunction ordering the defendants, and each of them or their agents from retaliating, harassing, discriminating, or transfering Plaintiff to any other TDCJ unit or from removing plaintiff from his assign cubicle at (E20-13).

153.    Plaintiff request an order declaraing defendants Foley, Pegoda and Oliver be giving federal examination to determine if they qualified and acknowledge enough in the law to be law library supervisor/s to assist plaintiff in criminal or civil law.

154.    Plaintiff request an order declaraing defendants Foley, Pegoda and Oliver be giving federal examination to determine if they qualified and acknowledge enough in the law to be law library supervisor/s to assist all other TDCJ prisoners.

-39-

155.    Plaintiff request an order declaraing all of the law libraries supervisors throughout the TDCJ system be giving federal examination to determine if they qualified and  acknowledge enough in the law to be law library supervisor/s to assist prisoners in both criminal and civil cases.

156.    Plaintiff request an order declaraing by the defendants removing the law books from the law libraries leaving the attendants with nothing to do their research is actual injury.

157.    Plaintiff request an order declaraing TDCJ violating the American with Disabilities Act and Rehabilitation Act by failing to reasonably accommodate the prisoners with disabilities.

158.    Plaintiff and all other prisoners are entitled to injunctive and eeclaratory relief to and this unlawful discrimination.

159.    Plaintiff do not seek damages.

### ATTORNEY'S FEES

160.    Pursuant to 42 U.S.C. §1988 and 42 U.S.C. §12205, plaintiff are entitled to receover attorney's fees, litigation expenses, and court costs, including expert costs.

-40-

PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully request that the court award the following relief:

A.      Certify this action as a class action, as described above.

B.      remedy ongoing violation of law and the constitution by granting declaratory and injunctive relief, as set out in this original complaint on behalf of the plaintiff and all other prisoners.

C.      Find that plaintiff are the prevailing parties in this case and award him attorney's fees, court cost, expert costs and litigation expense.

D.      Grant such other and further relief as appears reasonable and just, to which plaintiff may be entitled separately or collectively.

Respectfully Submitted,

ANTONIO M. LACY #594575
Pack Unit
2400 Wallace Pack Rd.
Navasota, TX 77868

-41-

Texas Department of Criminal Justice
**Access to Courts, Counsel and Public Officials**
<u>**Law Library Holdings List**</u>
**June 2021**

NOTE: Highlighted items are located on the ATC Intranet website. (http://tdcj.state.tx.us/TDCJ_Intranet/dept_div/aarm/arms_res_supt_access_to_courts.htm?0.3)

1. FEDERAL REPORTER 2d,
   Volumes 422 - 999 (Lexis Nexis Thin Client or printed volumes)

2. FEDERAL REPORTER 3d,
   Volumes 1 - 960   (Lexis Nexis Thin Client or printed volumes)
   a)        Federal Appendix cases   (Lexis Nexis Thin Client)

3. FEDERAL SUPPLEMENT,
   Volumes 313 - 999   (Lexis Nexis Thin Client or printed volumes)

4. FEDERAL SUPPLEMENT 2d,
   Volumes 1 - 999 (Lexis Nexis Thin Client or printed volumes)

5. FEDERAL SUPPLEMENT 3d,
   Volumes 1 - 435  (Lexis Nexis Thin Client or printed volumes)

6. SUPREME COURT REPORTER,
   Volumes 91 - 140   (Lexis Nexis Thin Client or printed volumes)

7. SOUTHWESTERN REPORTER 2d, Texas Cases
   Volumes 449 - 999   (Lexis Nexis Thin Client or printed volumes)

8. SOUTHWESTERN REPORTER 3d, Texas Cases
   Volumes 1 -600   (Lexis Nexis Thin Client or printed volumes)



08 JUL 2021

Texas Department of Criminal Justice
**Access to Courts, Counsel and Public Officials**
<u>Law Library Holdings List</u>
June 2021

NOTE: [illegible] items are located on the ATC intranet website. http://intranet.state.tx.us/TDCJ_Intranet/dept_civs/armament_res_supt_access_to_courts.htm)

## 9. UNITED STATES CODE ANNOTATED

*NOTE: If you are unsure of the complete citation, a copy of the Table of Contents will be provided.*

CONSTITUTION - Table of Contents (Rev. 08/28/15)
*Specific statutes may be obtained via the LexisNexis Electronic System.*

TITLE 8 - Table of Contents (Rev. 02/07/17)
*Specific statutes may be obtained via the LexisNexis Electronic System.*

TITLE 18 - see Federal Criminal Code & Rules (Rev. 02/07/2017)

TITLE 21 - Table of Contents (Rev. 02/07/17)
*Specific statutes may be obtained via the LexisNexis Electronic System.*

TITLE 28 - see Federal Civil Judicial Procedures & Rules

TITLE 42 - Complete Table of Contents (Rev. 02/22/17)
TITLE 42 - Table of Contents, Chapters 1 - 6A (Rev. 02/07/17)
TITLE 42 - Table of Contents, Chapters 7 - 23 (Rev. 02/07/17)
TITLE 42 - Table of Contents, Chapters 24 - 68 (Rev. 02/07/17)
TITLE 42 - Table of Contents, Chapters 69 - 100 (Rev. 02/07/17)
TITLE 42 - Table of Contents, Chapters 101 - 135 (Rev. 02/07/17)
TITLE 42 - Table of Contents, Chapters 136 - 159 (Rev. 02/07/17)
*Specific statutes may be obtained via the LexisNexis Electronic System.*

## 10. VERNON'S TEXAS STATUTES and CODES ANNOTATED (w/ 2012 updates)

Civil Practice and Remedies Code - Table of Contents (Rev. 09/01/17)
Code of Criminal Procedure - Table of Contents (Rev. 09/01/17)
Constitution Code - Table of Contents (Rev. 09/01/17)
Family Code - Table of Contents (Rev. 09/01/17)
Government Code - Table of Contents (Rev. 09/01/17)
Health & Safety Code - Table of Contents (Rev. 09/01/17)
Penal Code - Table of Contents (Rev. 09/01/17)

| | |
|---|---|
| 1 | Penal Code §§ 1.01 to 8 (2011) w/pp |
| 2 | Penal Code §§ 9.01 to 19.02 (2011) w/pp |
| 3 | Penal Code §§ 19.03 to 22.03 (2011) w/pp |
| 4 | Penal Code §§ 22.04 to 31.03 (2011) w/pp |
| 5 | Penal Code §§ 31.04 to 45.End (2011) w/pp |
| 6 | Penal Code §§ 46.01 to End (2011) w/pp |

Texas Department of Criminal Justice
**Access to Courts, Counsel and Public Officials**
<u>**Law Library Holdings List**</u>
**June 2021**

NOTE: Highlighted items are located on the ATC intranet website: (http://tdcj.txt.state.tx.us/TDCJ_intranet/dept_div/aarm/aarm_core_sub-access-to-courts.html)

| |
|---|
| 11. VTCA GOVERNMENT CODE § 498.003 - INMATE CLASSIFICATION AND GOOD TIME<br>    a)   65th Legislation, Chapter 347<br>    b)   68th Legislation, Chapter 375<br>    c)   69th Legislation, Chapter 835 § 1<br>    d)   70th Legislation, Chapter 384 § 1<br>    e)   70th Legislation, Chapter 1049 § 2<br>    f)   71st Legislation, Chapter 785<br>    g)   72nd Legislation, Chapter 16 § 10.01, Section 498 & 499 |
| 12. TEXAS ADMINISTRATIVE CODE (Lexis Nexis Thin Client) |
| 13. SHEPARD'S CITATIONS:  Texas, Federal, & U.S. (Lexis Nexis Thin Client) |
| 14. PAMPHLETS:<br>    a)  Federal Civil Judicial Procedures & Rules (2021)<br>    b)  Federal Criminal Code & Rules (2020)<br>    c)  Texas Rules of Court - State (2021)<br>    d)  Texas Rules of Court - Federal (2021)<br>    e)  Texas Criminal Procedures Code & Rules (2020) |
| 15. COURT RULES - UPDATES:<br>    a) USDC: Filing Fee Increases for Federal Civil Cases & Appeals<br>    b) 5th Circuit: Rules and Internal Operating Procedures - January 2020<br>    c) 5th Circuit: Clerk's Office Most Frequently Asked Questions - December 2019<br>    d) 5th Circuit: December 1, 2013 Rule Changes<br>    e) U.S. Supreme Court: Revision to Rules - July 2019<br>    f) U.S. Supreme Court: Amendments to the Federal Rules of Appellate Procedure (12/01/16)<br>    g) U.S. Supreme Court: Amendments to the Federal Rules of Bankruptcy Procedure (12/01/16)<br>    h) U.S. Supreme Court: Amendments to the Federal Rules of Civil Procedure (12/01/16)<br>    i) U.S. Supreme Court: Amendments to the Federal Rules of Criminal Procedure (12/01/16)<br>    j) U.S. Supreme Court: Amendments to the Federal Rules of Evidence (12/01/16)<br>    k) TX Court of Appeals: Important Notice Regarding DNA Mixtures English & Spanish (11/19/15)<br>    l) TX Court of Appeals: Recalculate DNA Mixture Issue Form: English & Spanish (11/19/15) |
| 16. STATE COUNSEL FOR OFFENDERS LEGAL HANDBOOK,<br>                                    13th Revised Edition (March 20    # 700-01-01114-0 |
| 17. LEGAL RESEARCH IN A NUTSHELL, 13th Edition |
| 18. a) AN INTRODUCTION TO TEXAS POST - CONVICTION HABEAS CORPUS, 2020<br>     b) POST CONVICTION REMEDIES, (Pursuant to Article 11.07, V.A.C.C.P.) March 2009 |

Texas Department of Criminal Justice
**Access to Courts, Counsel and Public Officials**
<u>Law Library Holdings List</u>
June 2021

NOTE: Highlighted items are located on the ATC intranet website. http://intidc.state.tx.us/TDCJ_intranet/dept/divs/department_itss_supt_access_to_courts.html

19. a) BLACK'S LAW DICTIONARY, 11th Edition  (definitions provided upon request)
    b) UNITED STATES CONSTITUTION

20. TEXAS LEGAL DIRECTORIES 2019 Edition - Volumes I, II, & III

21. TEXAS CRIMINAL AND TRAFFIC LAW MANUAL 2019-2020 Edition

22. TDCJ DISCIPLINARY RULES and PROCEDURES FOR inmateS, (August 2019)
    (English - 10 copies)            #700-01-07.106-0
    (Spanish - 10 copies)            #700-01-07.107-8

23. TDCJ inmate ORIENTATION HANDBOOK, February 2017
    (English - 10 copies)                                    E= #700-01-08204-2
    TDCJ inmate ORIENTATION HANDBOOK, February 2017
    (Spanish - 10 copies)                                    S= #700-01-08221-6

24. TDCJ inmate RULES AND REGULATIONS FOR VISITATION
    English – November 2015 ( 2 copies)                      E= #700-01-08218-2
    Spanish – November 2015 ( 2 copies)                      S= #700-01-08235-6

25. CLASSIFICATION                                           #700-01-01077-9
    a) TDCJ Classification Plan - April 2018
    b) State Jail Diligent Participation HB 2649 (English & Spanish) September 2011
    c) State Jail Diligent Participation Credit HB 2649 FAQ (English & Spanish) September 2011
    d) Protective Safekeeping Plan, July 2015 (Mt. View, Pack, Powledge, and Ramsey Units only)

26. TDCJ USE OF FORCE PLAN -April 2017

27. CORE CASELAW
    a) Lewis v. Casey, 116 SCT 2174
    b) Wolff v. McDonnell, 94 SCT 2963
    c) Bounds v. Smith, 109 SCT 176
    d) Sandin v. Conner, 115 SCT 2293
    e) Lamar v. Coffield, 951 FS 629
    f) Ruiz v. Scott, 273 F3d 1101
    g) Ruiz v. United States, 243 F3d 941
    h) Ruiz v. Johnson, 154 FS2d 975
    i) Ruiz v. Estelle, 161 F3d 814
    j) Gross v. Quarterman, 2007 U.S. Dist. Lexis 92212

Texas Department of Criminal Justice
**Access to Courts, Counsel and Public Officials**
<u>**Law Library Holdings List**</u>
**June 2021**

NOTE: Highlighted items are located on the ATC intranet website. (http://txdcj.cpa.tx.us/ICG/ Intranet/dept_div/arcm/arcm_res_supt_access-to-courts.html)

28. Heat Litigation:
  147 Bailey Memorandum and Order
  473 Bailey Amended Class Certification Order
  477 Bailey Order Granting Preliminary Injunction
  620 Cole Plaintiff's Second Motion for Injunctive Relief
  629 Cole Plaintiff's 3rd Amended Complaint
  732 Cole Memorandum Order for 2nd Preliminary Injunctive Hearing
  769 Cole Defendant's Response to Opinion
  771 Cole Order
  783 Cole Order Granting Motion for Continuance
  799 Cole Order
  826 Cole Order Denying Motion to Modify Preliminary Injunction
  854 Cole Order Granting Extension of Preliminary Injunction
  Class Action Notice and Opt Out Form
  Information Regarding the Cole v. Collier Class Action
  Plaintiffs Unopposed Motion for Approval of Class Action Settlement
  Proposed Settlement Agreement Release

29. Matthew "Roppolo" v. Dr. Lannette Linthicum
  Amended Private Compromise and Settlement Agreement
  Class Action Settlement Notice

30. a) RESTRICTIVE HOUSING PLAN - August 2019
  b) DEATH ROW PLAN - October 2004 (Polunsky & Mt. View Units **only**)
  c) G5 Plan - February 2020

31. a) DIRECTORY OF FOREIGN CONSULAR CORPS - April 2020
  b) CONSULAR NOTIFICATION AND ACCESS - September 2018

32. LAW LIBRARIES SERVING PRISONERS - 07/26/17

33. INMATE COPY SERVICE - April 2020

34. a) TEXAS COURTS OF APPEALS - March 2021
  b) COURT STRUCTURE OF TEXAS - October 2019

35. U.S.D.C. VENUE LIST - September 2019

36. a) OPERATIONS MANUAL FOR MAILROOMS - 2020
   NOTE: Photocopies of specific procedures shall be made available for inmate use upon request.
  b) DRC LIST OF DISAPPROVED PUBLICATIONS
   Note: Contact your unit mailroom supervisor for a copy monthly and maintain 2 prior months.

37. MANUAL ON RECURRING PROBLEMS IN CRIMINAL TRIALS, 6th Ed. 2010

Texas Department of Criminal Justice
**Access to Courts, Counsel and Public Officials**
<u>**Law Library Holdings List**</u>
**June 2021**

NOTE: Highlighted items are located on the ATC intranet website: (http://ttctdcjs.tdcj.tx.us/TDCJ_Intranet/dept_divarm/acmy/res_sup/access_to_courts.html)

38. SECTION 1983 LITIGATION, 3rd Edition, 2014

39. a) FEDERAL BENEFITS for VETERANS, DEPENDENTS & SURVIVORS 2020
    b) A GUIDE FOR VETERANS INCARCERATED in TEXAS, May 2016
    c) LIFE AFTER PRISON – A VETERAN'S RESOURCE MANUAL – 2013

40. IMMIGRATION LAW, 2009 Edition

41. CAPITAL § 2254 HABEAS CASES, 2012

42. TEXAS BOARD of PARDONS and PAROLES
    b) "Alternative Housing Resource" LIST
              Note: Currently provided by Access to Courts Central Office

43. a) A NEW START – A RE-ENTRY GUIDE FOR TEXAS KEY INFORMATION FOR SUCCESSFUL
       REINTEGRATION
    b) TEXAS PRISONER RESOURCE DIRECTORY (brochure) June 2015
    c) Rentry Resource Guide (October 2019)

44. LIST OF APPROVED TDCJ POLICIES – April 2021

45. CORRECTIONAL MANAGED HEALTH CARE (CMHC)
    a) CMHC POLICY MANUAL (November 2019 Table of Contents)
          NOTE: Photocopies of specific procedures shall be made available for inmate use upon request
    b) CMC FORMULARY, 27th Edition 2021
    c) CMHC THERAPEUTIC DIETARY POLICY & PROCEDURE MANUAL, March 2020

46. ACLU CIVIL RIGHTS RESOURCE GUIDE – 2011

47. FAMILY INITIATIVES (Acknowledgment of Paternity & Noncustodial Parent / Child Support)
    a) Information About Child Support for New Parents (English & Spanish 07/15)
    b) Quick Child Support Facts for Re-Entering Parents English (06/17) & Spanish (08/17)
    c) Parenting Two-Gether Birth to 12 Months – English & Spanish (07/11)
    d) Paternity Child Support and You – English (08/15) & Spanish (08/15)
    e) Maps for Dads – English (05/16) & Spanish (07/16)
    f) Co-Parenting Guide - For Our Children Learning to Work Together - English (06/15) & Spanish (07/15)

Texas Department of Criminal Justice
**Access to Courts, Counsel and Public Officials**
<u>**Law Library Holdings List**</u>
**June 2021**

NOTE: Highlighted cards are located on the ATC intranet web site. (http://ttd.tdc.state.tx.us/TDCJ Intranet/atc_docs/law/library_law_supp_access_to_courts.html)

48. STATE BAR OF TEXAS
   a) Attorney Complaint Information Pamphlet, English and Spanish (04/19)
   c) Office of the Chief Disciplinary Counsel Grievance Form, English and Spanish (07/20)
   e) Notice to Clients (posting), English and Spanish
   g) CAAP Client Attorney Assistance Program, English (09/19) and Spanish (05/08)

49. CHAPLAINCY DEPARTMENT MANUAL - Table of Contents (January 2020)
   NOTE: Photocopies of specific procedures shall be made available for inmate use upon request.
   Specific procedures vary from 2016-2020.

50. INTRA - LAW LIBRARY LOAN PROGRAM HOLDINGS LIST - April 2021
   Texas Session Laws (Requests for Senate & House Bills will not be honored) and Texas Digest 2d

51. LAW LIBRARY HOLDINGS LIST - April 2021

52. UNIT EMPLOYEE ROSTER - PAYM18-U
   Note: Law library staff shall print a copy from Onbase monthly

53. UNIT MEDICAL ROSTER
   Note: Contact your unit health administrator for a copy monthly.

54. POSTAL RATE CHANGES - Effective January 24, 2021

55. SUNSET ADVISORY COMMISSION STAFF REPORT, 2020-2021

56. FLOWCHART - BASIC LEGAL RESEARCH - April 3, 2014

57. PREA
   a) TAASA Service Directory, October 2018
   b) SAFE PRISONS / PREA PLAN, February 2019
   c) National PREA Standards (28 C.F.R. Part 115) - May 17, 2012
   d) PREA Final Rule - May 16, 2012

58. PUBLIC INFORMATION ACT MANUAL, CHAPTER 3, Incarcerated Inmate Information, 11/15/14

*Only those items included in this Holdings List shall be approved/maintained.*

Texas Department of Criminal Justice
**Access to Courts, Counsel and Public Officials**
<u>**Law Library Holdings List**</u>
**June 2021**

NOTE: Highlighted items are located on the ATC intranet website. (http://tdcj-fs1one.tdcj.state.tx.us/TDCJ_Intranet/dept_cls/cmmi/atcc_req_supt_access_to_courts.html)

| 59. LAW LIBRARY Inmate FORMS | |
|---|---|
| I-127 - Step 1 Inmate Grievance Form (English & Spanish - 11/10) | #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Z-S |
| I-128 - Step 2 Inmate Grievance Form (English & Spanish - 11/10) | #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B-S |
| I-60 - Inmate Request to Official (11/1990) | #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D-8 |
| Harris County Post Conviction Writs Form | |
| 2254 Form - Petition for Writ of Habeas Corpus (09/17) | #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D-S |
| ATC01 - Records Release Authorization Form (03/21) | #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D-0 |
| ATC02 - Payment Authorization Form (Rev. 03/21) | #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T-8 |
| ATCIFP - Application to Proceed In Forma Pauperis Form (09/02) | #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D-S |
| ATC 11.07 - Cct of Crim Appls App for Writ of Habeas Corpus (Cct of 11/14/18) | #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S-S |
| ATC1983 - Civil Rights Complaint Form (Rev. 05/15) | #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D-8 |
| ATCP01 - Inmate Instructions for Subsequent Storage Review (03/21) | |
| ATCP02 - Initial Storage Container Pictorial (03/21) | |
| ATCP03 - Verify Form (03/21) | |
| ATCP04 - Education Verify E form (03/21) | |
| CE 147 - Time Credit Dispute Resolution (05/03) | #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E-3 |
| Transcript Order Form | |
| SCFO 06.01 - State Counsel for Inmates Jail Time Questionnaire (11/10) | |
| SCFO 08.02 - Request Pertaining to Military Records (11/15) | |
| SCFO 08.03 - App for the Rev of Discharge/Dismissal from the Armed Forces of U.S. (08/15) | |
| SCFO 08.04 - Application for Correction of Military Records (12/14) | |
| SCFO - TPIQ - Texas Prisoner Innocence Questionnaire (10/15) | |
| VA 21-22 - Appointment of Veterans Service Organization as Claimant's Representative (02/19) | |
| VA 21-526 - Info & Instruct for Cmplting the Veteran's App for Compensation and/or Pension (09/19) | |
| VA 21-0788 - Information Regarding Appointment of Beneficiary's Award (03/18) | |
| VA 21-4138 - Statement in Support of Claim (12/17) | |
| VA 21-4142 - Authorization & Consent to Release Info to the Dept of Veterans Affairs (03/18) | |
| VA 21-4193 - Notice to Department of VA of Veteran or Beneficiary Incarcerated in Penal Inst (11/17) | |
| Authorization for Release of Information or Payments - English and Spanish (06/16) | |
| Revocation of Authorization for Release of Information or Payments - English and Spanish (11/14) | |
| Inquiry Form for Incarcerated Parents - English (06/17) & Spanish (08/17) | |

| 60. LAW LIBRARY ADMINISTRATIVE FORMS / PROCEDURES (for use by unit ATC personnel only) | |
|---|---|
| Interagency Transaction Voucher (ITV) NS20 | |
| Application for Appointment as a Texas Notary Public - No Bond (10/2018) | |
| State Employee Notary Acknowledgement Form (03/15/2018) | |
| Process Service Receipt (03/21) | |
| I-162 - TDCJ Attorney/Inmate Telephone Call Application (03/21) | |
| I-163 - Attorney Application to Visit TDCJ Inmate (03/21) | |
| I-163C - Consular Official Application to Visit TDCJ Inmate (03/21) | |
| I-163W - Attorney/Representative Verification Worksheet (03/21) | |
| I-164 - Application to Visit TDCJ Inmate as Attorney's Representative (03/21) | |
| I-165S - Attorney Initiated Contact Visit for Specialized Professional (03/21) | |
| I-166 - Attorney Authorization for Approved Representative to Visit TDCJ Inmate (03/21) | |
| I-167A - TDCJ Inmate Refusal to Visit Attorney or Attorney Representative (03/21) | |
| I-167B - TDCJ Inmate Refusal to attend Court Ordered Hearing (03/21) | |
| PIA - Public Information Act Manual (09/15) | |
| PIA - Public Information Act Request Log (Rev. 11/14) | |
| PIA - Example Public Information Act Request Log (Rev. 11/14) | |
| PIA - Inmate Request for Information Log (Rev. 11/14) | |
| PIA - Statement of Actual Charges for Copies of Public Information (Rev. 11/14) | |
| PIA - Self Authenticating Business Records Affidavit | |
| PIA - Self Authenticating No Business Records Affidavit | |
| How to Retrieve Case Law / Shepard's Citations via the LexisNexis Electronic System (04/15/14) | |

Texas Department of Criminal Justice
## Access to Courts, Counsel and Public Officials
### Law Library Holdings List
#### June 2021

NOTE: Highlighted items are located on the ATC Intranet website: (http://tdcjbr_state.tx.us/TDCJ_Intranet/tdcjd_cts/armharms_ref_supt_access_to_courts.html)

**61. REQUIRED LAW LIBRARY POSTINGS (March 2021)**

Indigent Supplies "Notice" (English & Spanish) - 1 page
I-184, Unit Law Library Schedule (English) 03/21
I-184, Unit Law Library Schedule (Spanish) 03/21
Notary Service "Notice" (English & Spanish) Rev. 8
PLRA 28 USCA § 1915, Notice to Inmates (English) Rev. 4
PLRA 28 USCA § 1915, Notice to Inmates (Spanish) Rev. 4
Inmate Litigation Notice § 15.019 (English) Rev. 3
Zero Tolerance (English and Spanish) February 2020
TBCJ - PREA Ombudsman Office (English and Spanish) Revision 2
TDCJ Unit Law Library Rules of Conduct (English) Rev. 4
TDCJ Unit Law Library Rules of Conduct (Spanish) Rev. 4
State Counsel for Offenders, Notice (English and Spanish) Rev. 12.7
Time Credit Dispute Resolution Process Notice to Offenders (English and Spanish) Rev. 2
Instructions on How to Write & Submit Grievances (English and Spanish) 07/16
The Public Information Act, Notice (English) 08/19
The Public Information Act, Notice (Spanish) 08/19
Notice to offenders: Offender Grooming, 12/01/17
Notice of Voting Rights and Protective Orders, (English) 06/26/15
Notice of Voting Rights and Protective Orders, (Spanish) 06/26/15
Offender Telephone System, Notice to Offenders (English) 06/16/17
Offenders Telephone System, Notice to Offenders (Spanish) 06/16/17

**62. ACCESS TO COURTS PROCEDURES MANUAL w/ March 2021 Table of Contents**

Note: The manual is for use by ATC personnel only. Photocopies of specific procedures shall be made available for inmate use upon request.

Unit: _____        Date of Inventory: _____

This is to certify that in my capacity as the unit Access to Courts Supervisor, I did personally conduct this inventory. To the best of my knowledge and ability, the inventory reflects the true and accurate status of the law library holdings at this time.

_____                      _____
Signature                                        Print Name

EXHIBIT   B

TDCJ ORIENTATION HANDBOOK AT PAGE 121-123 ATTACHED

g. Southwestern Reporter 3d, Texas Cases

h. United States Code Annotated, following volumes only:

    (1) Constitution (all)

    (2) Title 8 Aliens and Nationality (all)

    (3) Title 21 Food and Drugs (all)

    (4) Title 42 Public Health and Welfare (all)

i. Vernon's Texas Annotated Statutes and Codes; the Civil Practices & Remedies Code, Family Code, Government Code, Code of Criminal Procedure, and Penal Code

j. *Texas Digest*

k. Pamphlets:

    (1) Federal Civil Procedure Code and Rules

    (2) Federal Criminal Code and Rules

    (3) Texas Criminal Procedures Code and Rules

    (4) Texas Rules of Courts, State

    (5) Texas Rules of Court, Federal

l. One Legal Research Guide or Manual

m. *United States Constitution contained within Black's Law Dictionary*

n. *Black's Law Dictionary*

o. Federal and State Postconviction Remedies and Relief – Habeas Corpus

p. Shepard's Citations: Texas, Federal

q. Texas Criminal and Traffic Law Manual

r. Texas Legal Dictionary

s. *TDCJ Disciplinary Rules and Procedures for Offenders*, English and Spanish

t. *Offender Orientation Handbook*, English and Spanish

u. *SCFO Legal Handbook*

v. *Law Libraries Serving Prisoners*

w. Court-provided forms



x.    Rules of the Texas Board of Pardons and Paroles, 37 Texas Administrative Code §141.150

y.    *Offender Health Services Plan*

z.    Correctional Managed Care Formulary

aa.   Consular Notification and Access

bb.   Directory of Foreign Consular Corps

cc.   Texas Session Laws (1989 – current)

dd.   Court Structure of Texas (flow chart)

ee.   Venue list for Texas state and federal courts

ff.   Intra-Law Library Loan Program Holdings List

Published volumes or equivalent of case decisions are maintained by copyright date. Case decisions are maintained as follows: Federal Reporters for the previous 25 years; ~~Federal Supplements for the previous 20 years;~~ Supreme Court Reporters for the previous 30 years; and Southwestern Reporters for the previous 20 years. Removed case law is made available for offender review through the Intra-Law Library Loan Program.

In lieu of the law library collection, units may provide legal reference materials through an electronic legal research database.

2.    Law Library Conditions

The room designated by the warden as the law library shall be of sufficient size to accommodate the law book collection and to provide adequate workspace for the number of offenders permitted to attend the law library at one time.

3.    Law Library Supplies

Each unit shall make available to offenders, including offenders in any form of segregation, writing instruments, paper, carbon paper, postage, and envelopes necessary and appropriate for the processing of legal matters through a commissary purchase or the indigent supply program. Indigent offenders are provided supplies in accordance with AD-14.09, "Postage and Correspondence Supplies."

B.    General Population Offender Access to the Law Library (Direct Access)

1.    Schedule

Each unit shall have a posted schedule for law library attendance ensuring the opportunity for 10 hours of access per week. The schedule shall take into account offenders' work assignments and other programmatic activities offered at the unit. The schedule assures that at least one law library period occurs on the weekend.




GRIEVANCE NUMBER 2022093040

ESTELLE UNIT

# Texas Department of Criminal Justice

## STEP 1    OFFENDER GRIEVANCE FORM

HG

OFFICE USE ONLY

Grievance #: 2022093040

Date Received: APR 28 2022

Date Due: 6-7

Grievance Code: 703

Investigator ID #: 12191

Extension Date: _____

Date Retd to Offender: JUN 07 2022
HG 9/20/22

Offender Name: Antonio M. Lacy        TDCJ # 594575

Unit: E2        Housing Assignment: B2-113B

Unit where incident occurred: Law Library (Access to Courts)

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Law Library Personnel        When? 4/20/22

What was their response? She quoted, "It were out of her hands" Unquoted.

What action was taken? Nothing.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On April 20th, Grievant had a detaily canvassing with one of the Law Library Personnels about the law library not having law books for the attendant. In that deliberation, Grievant determine, some years ago, Access to Court former Director R. Pool instruct Ms. Jeane J. Taylor to remove all of the law books out of the law library on Estelle Unit with the proposal or intention of replacing the law books with computers for the attenuants on the Estelle Unit. Inauspiciousness, one computer were put behind the desk for the clerks working in the law library to use and no computers for the attendants. This scheme violates the attendants access to the court and constitute a policy of deliberate indifferences of an adequate law library for the attendants. The Law library clerks are just as insensate as the personnels working in the law library. At least, Ms. Foley will fake or make out like she known the law when actually she is just as ambidexterity as the rest of the law library personnels. The Access to the Court Directors fabricated a "cse law system" which only to make copies of cases and give them to the attendants, and 90% of these cases law are not there and the attendant has to wait a day or two to recive the cases. The Law Library inadequacy had demonstrate "actual injury." If, Grievant prepared a complaint, it would be dismissed for failure to satisfy some technical requirement which because of deficiencies in the prison's legal assistance facilities, Grievant could not have known or that he had suffered arguable actionable harm that he wanted to bring before the courts, but Grievant is so stymied by inadequacies of the law library that he is unable to file a complaint. The actual injury obstacle is, however, not the only obstacle in Grievant way. Grievant realize the lacking of the law books is no fault of the now, today, Law Librarian Ms. Alicia Foley. But when Grievant or any other attendant ask a question to one of the law library personnels. We are told that all a prison need to provide is replace its law libraries with "some minimal form of legal advice" and a "system of court provided form." The law library is not in compliance with the "Law Library Holding List" as they

I-127 Front (Revised 11-2010)        YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM        (OVER)

claims. The law library having covered up many different law cases. The Directors remove the law books with the promise of putting computers for the attendants to use but fails to do so, leaving the law library with nothing for the attendants to research their cases. So the Directors, fabricated a scheme to hide their evil motives and ac____ with reckless indifference to the attendants first amendment rights of access to the court Grievant may well lose, because prison regulations, such as the regulation on the Estelle Unit Law Library made legal research essentially impossible for the attendants attending the law library because there is no law books, computers or any other means for a attendants to reseach his criminal or civil case.

**Action Requested to resolve your Complaint.** Grievant request that computers be put in front of each attendant seat or the law books be brought back in the law library.

Offender Signature: _____ Date: 4-21-22

**Grievance Response:**

Your claim has been investigated and reviewed by Unit Administration. Law Library Supervisor reports you were not told computers would replace books from law library; Estelle Law Library uses electronic media printed out; requested material through electronic services will be available next business or delivery day; tablets will have access to Nexis/Lexis and there will not be a set limit of new cases you can review in a day. Insufficient evidence was found to support your allegation of the unit law library not operating within agency policy and guidelines. No further action is warranted from this office.

Signature Authority: _____ Date: 6-2-22

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☒ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

UGI Printed Name/Signature: S. Hend/ _____

**Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.**

Medical Signature Authority: _____

**OFFICE USE ONLY**

Initial Submission    UGI Initials: _____

Grievance #: 2022091261

Screening Criteria Used: 04170a

Date Recd from Offender: APR 25 2022

Date Returned to Offender: APR 25 2022

**2nd Submission**    UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

**3rd Submission**    UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

I-127 Back (Revised 11-2010)

Appendix I



# Texas Department of Crim. Justice

# STEP 2  OFFENDER GRIEVANCE FORM

HG

Offender Name: Antonio M. Lacy _____ TDCJ # 594575

Unit: E2 _____ Housing Assignment: B2-113B

Unit where incident occurred: Law Library

| OFFICE USE ONLY | |
| --- | --- |
| Grievance #: | 2022008304C0 |
| UGI Recd Date: | JUN 1 3 2022 |
| HQ Recd Date: | JUN 1 4 2022 |
| Date Due: | 7/23/22 |
| Grievance Code: | 703 |
| Investigator ID#: | I0720 |
| Extension Date: | |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

Complainant object to "The don't make sense response" by a "Daniel" who ever she may be.  TDCJ ac ess to the Court, counsel and Public Officials "Law Library Holding List" clearly states that all TDCJ Law Libraries is consist of (1) Federal Reporters "2d", Volumes "422-999"; (2) Federal Re porter s "3d", Volumes "1-960"; (3) Federal Supplement, Volume "313-999"; (4) Federal Supplement "2d", Volume "1-999"; (5) Federal Supplement "3d", Volume "3d", Volume 435; (6) Supreme Court Rep rter, Volume "91-140"; (7) Southwestern Reporter "2d", Volume "999"; (8) Southwestern Reporte "3 volume "1-600" and the list goes on and on with United States Code Annotated, Vernon's Texa Statutes and Codes Annotated, V.T.C.A. Government Code § 498.003, Texas Administrative Code, Shep ard's citation, Pamphlets, Court Rules, United States Code Annotated, Vernon's Texas Statutes and Code Annotated, Of course, other law books. TDCJ remove the law books out of the law library and replace the law books with one computer for the law library "clerks" to use and not the atten ants is clearly a interference with access to the courts, epsecially, when these clerks don't kno law. If complainant, seek to litigate a constitutional claim of a denial of access to court to demonstrate "actual injury". The complaint complainant prepared would be dismissed for failure to satisfy some technical requirements in the because, of deficiencies in the prison's legal assist ance facilities, he could not have known or that he had suffered arguable actionable harm that he wanted to bring before the courts, but complainant was so stymied by inadequacies of the law library that he is unable to file a complaint. the actual injury obstacle is, however, not the only obstacle in such a prisoners way. According, even if complainant does show "actual injury" from such an obstacle, the complainant may well pose, because prison regulations, such as the reg lation on the Estelle Unit law library made legal reaseach essentially impossible for attend- attending the law library because there is no law books and none of the personnels know law.

I-128 Front (Revised 11-2010)  **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**  (OVER)

Appendix G

**Offender Signature:** _____  **Date:** 6-13-22

**Grievance Response:**

Step 1 has addressed your complaint. Legal research materials are provided to inmates in accordance with ATC-033. An investigation has revealed that on 04/20/22 you failed to submit any requests for legal research materials to be printed from the electronic legal research service. No further action is warranted.

J. Pegoda, Program Administrator
Access to Courts, Counsel and Public Officials

**Signature Authority:** Jecnica Pegoda     **Date** July 28, 2022

**Returned because:**     *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

<table>
<tr><td colspan="2"><b>OFFICE USE ONLY</b></td></tr>
<tr><td><b>Initial Submission</b></td><td><b>CGO Initials:</b> _____</td></tr>
<tr><td colspan="2">Date UGI Recd:_____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td colspan="2">(check one) ____Screened ____Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender:_____</td></tr>
<tr><td><b>2<u>nd</u> Submission</b></td><td><b>CGO Initials:</b> _____</td></tr>
<tr><td colspan="2">Date UGI Recd:_____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td colspan="2">(check one) ____Screened ____Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td><b>3<u>rd</u> Submission</b></td><td><b>CGO Initials:</b> _____</td></tr>
<tr><td colspan="2">Date UGI Recd:_____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td colspan="2">(check one) ____Screened ____Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

I-128 Back (Revised 11-2010)                    **Appendix G**

# Texas Department of Criminal Justice

## STEP 1    OFFENDER GRIEVANCE FORM

Offender Name: Antonio M. Lacy _____ TDCJ # 594575

Unit: __Pack Unit__    Housing Assignment: SHU E20-13

Unit where incident occurred: Pack Unit

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2023124967 |
| Date Received: | JUN 3 0 2023 |
| Date Due: | 8/9/2023 |
| Grievance Code: | 703 |
| Investigator ID #: | 1291C |
| Extension Date: | |
| Date Retd to Offender: | JUL 11 2023 |

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Ms. Amy M. Oliver LL supervisor _____ When? 6/16/23

What was their response? We gave the Offenders tablets.

What action was taken? Nothing

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 6/16/23. Grievant had a detaily canvassing with Ms. Oliver about the removal or suspension of the law books in the law library. Ms. Oliver told Grievant, the law books were removed, for the reason that, TDCJ issue the Offenders tablets. She quoted: "...the tablets was must better than the computers...Unquoted. Despitefully, a computer were giving to the "inmate clerk" in the law library and not the attendants. Notwithstanding, this topic is synonymously to Estelle Unit. On that unit, Access to Court Director R. Pool, instructed Ms. Jeane J. Taylor to remove the law book out of the law library with the proposal of intention of replacing the law books with computers for the attendants. One computer were put behind the desk for the clerks. On this unit, the law books were taking out, as a result of, TDCJ issue tablets to the Offenders. However, this scheme violates Grievant access to the courts right and constitute a policy of deliberate indiffences of an adequate law library for the attendants. The law library clerk are just as insensate as the law library personnels. At least, Ms. Oliver, will fake, just like Ms. Foley on the Estelle, make out like she known the law when actually she is just as ambidexterity as the rest of the law library personnels. Ms. Oliver, has make a "case law system" which only to make copies of cases and give them to the attendants and 90% of those cases laws are not there, and they, not even on the tablets and the attendants has to wait and find another way to get the cases. The law library inadaquacy had demonstrate actual injury. If, Grievant prepared a complaint, it would be dismissed for failure to satisfy some technical requirement which because of deficiencies in the prison's legal assistance facilities, Grievant could not have known or that he had suffered arguable actionable harm that he wanted to bring before the courts, but Grievant is so stymied by inadaquacies of the law library that he is able to file a complaint. The actual injury obstacle is, however, not the only obstacle in Grievant way. Grievant realize the lacking of the law books is no fault of the now, today, law librarian Ms. Oliver. But when Grievant ask a question to one of the law library personnels.

1-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix F

of legal advice" and a "system of court provided form." The law library is not in compliance with the "Law library Holding list" as they claims. The law library Holding list is governs by volume of law books, not by different law cases. The ACCESS TO THE COURT Director remove the law library with the promise of putting computers for the attendants to use but fails to do so, leaving law library with nothing for the attendants to research their cases. Grievant may well lose, because prison regulations, such as the regulations on the Pack Unit law library made legal research essentially impossible for the attendants attending the law library because there is no law books, computers or any other means for a attendant to reseach his criminal or civil case.

---

**Action Requested to resolve your Complaint.** BRING BACK THE LAW BOOKS OR PUT COMPUTERS IN THE

LAW LIBRARY

**Offender Signature:** _____    **Date:** 6-29-23

**Grievance Response:**

Investigation into your allegations has been initiated by this office. Law Library staff stated that you were informed that all books were outdated and removed from the Law Library, further you were informed all case law could be found on the Law Library app on your tablet, which you have been issued, and the tablet had the latest case law available for you to conduct your legal research. Furthermore, the Law Library maintains items on the holdings list such as policies, department manuals, and legal directories. The Law Library does not have computers for inmates to conduct legal research on. There is no evidence to suggest you are being denied Access to Courts. No action is warranted.

**Signature Authority:** _Asst. Warden D. Sullivan_    **Date:** 7/11/23

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance # _____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission    UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2nd Submission    UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission    UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

Appendix F

AUG 3 1 2023

Texas Department of Criminal Justice

# STEP 2

OFFENDER
GRIEVANCE FORM

Offender Name: Antonio M. Lacy _____ TDCJ # 594575

Unit: __PACK__ Housing Assignment: SHU E20-13

Unit where incident occurred: __PACK__

**OFFICE USE ONLY**

Grievance #: 2023124967

UGI Recd Date: JUL 1 4 2023

HQ Recd Date: JUL 1 7 2023

Date Due: 8·23-23

Grievance Code: 703

Investigator ID#: 10720

Extension Date: _____

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

Grievant look askance and askant at Warden Sullivan and Law Librarian Ms. Kyle E. Rosario as she secrely act as Grievance Investigator lies. TDCJ law library hold-ing list clearly states that all TDCJ Law Libraries is consist of (1) Federal Re-prters "2d", volume "422-999"; (2) Federal Reproters "3d", volume "1-960"; (3) Federal Supplement, volume "313-999"; (4) Federal Supplement "2d", volume "1-999" (5) Federal Supplement "3d", volume "1-435"; (6) Supreme Court Reporter, volume "91-140"; (7) Southwestern Reporters "2d", volume "449-999"; (8) Southwestern Reporters "3d". volume "1-600", and the list goes on and on with United States Code Annotated, Vernon's Texas Statute and Code Annotated, V.T.C.A. Government Code § 498.003, Texas Administrative Code, Shepard's citation, Pamphlets, Court Rules, United State Code Annotated, Vernon's Texas Statutes and Code Annotated. TDCJ Access to the Court Directors instruct all law books to be remove (taking) out of the law library promises "computers" will be put in place of the law lib-rary law books for all attendants and not just for the "law library clerk". Un-providentially, Warden Sullivan thought, if, he use Ms. Rosario, a Librarian II, to act as "Grievance Investigator" to fabricate some lies about taking out the law books, for the reason that, "tablets" are as equal as the law books is speak-falsely and they are lying like a trooper or conjured. (A matter of factly, do Ms. Rosario have a Grievance Investigator I.D. number?) PLEASE UNDERSTAND FILING OF THIS DOCUMENT I HAVE LEGALLY EXHAUSTED ALL ADMINISTRATIVE REMEDIES AS RE-QUIR BY THE LITIGATION REFORM ACT TO FILE SUIT.

_____
_____
_____
_____
_____
_____
_____
_____
_____

**Action Requested to resolve your Complaint.** PUT THE LAW BOOKS BACK IN THE LAW LIBRARY OR PUT COMPUTERS AS ACCESS TO THE COURT DIRECTORS PROMISE THE LAW LIBRARY ATTENDANTS.

**Offender Signature:** _____    **Date:** 7-14-23

**Grievance Response:**

Step 1 grievance addressed your complaint. Records provided indicate you are receiving access to courts according to ATC-031 and ATC-033. Inmates that do not have tablets shall receive legal materials requested in accordance with ATC-033. You currently do possess a tablet; therefore, you have access to the Law Library app. and access to the Lexis system on your tablet. You are allowed to bring your tablet to your session. You failed to provide evidence, to show injury or the lack of the ability to file a complaint. No further action required.

J. Leon, Manager II
Access to Courts, Counsel and Public Officials

**Signature Authority:** _____    **Date:** 8/15/23

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.

Medical Signature Authority:_____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

TEXAS SUPREME COURT NOTIFICATION CARD(S)



OFFICIAL NOTICE FROM
SUPREME COURT OF TEXAS
Post Office Box 12248
Austin, Texas 78AUSTIN TX 786

4 JAN 2024 PM 4 L



US POSTAGE PITNEY BOWES

ZIP 78701 $ 000.51
02 4W
0000367 JAN 30 2024

RE: Case No. 24-0008
COA #: 03-23-00611-CV
STYLE: IN RE LACY

    A petition for writ of mandemus, as styled above, was
today received and filed in the Supreme Court of Texas.

SHU·20·13

MAIL TO:

        MR. ANTONIO MAURICE LACY
        TDCJ ID# ~~543573~~ 594575
        PACK UNIT
        2400 WALLACE PACK ROAD
77868-456700    NAVASOTA, TX  77868

---

OFFICIAL NOTICE FROM
SUPREME COURT OF TEXAS
Post Office Box 12248
Austin, Texas 78711-2248

US POSTAGE PITNEY BOWES

ZIP 78701 $ 000.39
02 4W
0000367 FEB 08 2024

RE: Case No. 24-0008
COA #: 03-23-00611-CV
STYLE: IN RE LACY

    Today the Supreme Court of Texas denied the petition
for writ of mandamus in the above-referenced case.


RECEIVED
FEB 27 REC'D
IRD
GRD

SHU 20-13

MAIL TO:

        MR. ANTONIO MAURICE LACY
        TDCJ ID# ~~543575~~ 00594575
        PACK UNIT
        2400 WALLACE PACK ROAD
        NAVASOTA, TX  77868

Antonio M. Lacy
TDCJ No. #594575
Pack Unit
2400 Wallace Pack Rd.
Navasota, TX 77868

U.S. District Clerk
United States District Court
Southern District of Texas
P. O. Box 61010
Houston, Tx 77208-1010

Dated: 8-26-24

Dear U.S. Clerk:

　　Enclosed please find one original and one copy of Palin-
tiff's law suit.

　　Thank you for your time and consideration in this important
matter.

Sincerely yours,

Antonio M. Lacy
Plaintiff Pro Se

p/f
enclosures



Antonio M. Lacy #594575
Pack Unit
2400 Wallace Pack Rd.
Navasota, TX 77868

U.S. District Clerk
U.S. District Court
P. O. Box 61010
Houston, TX 77208-1010

United States Courts
Southern District of Texas
FILED
SEP 20 2024
Nathan Ochsner, Clerk of Court

LEGAL MAIL